**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

FEW SPIRITS, LLC,

Plaintiff,

v.

GRAY SKIES DISTILLERY, LLC,

Defendant.

Case No.

Hon.

---

Bruce A. Courtade (P41946)
Rhoades McKee PC
Co-Counsel for Plaintiff FEW SPIRITS, LLC
55 Campau Ave. NW, Suite 300
Grand Rapids, MI 49503
Telephone: (616) 235-3500
bcourtade@rhoadesmckee.com

Nicholas G. de la Torre (IARDC# 6269612)
Neal & McDevitt, LLC
Co-Counsel for Plaintiff FEW SPIRITS, LLC
1776 Ash Street
Northfield, Illinois 60093
Telephone: (847) 441-9100
ndelatorre@nealmcdevitt.com

---

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, FEW Spirits, LLC (hereinafter "Plaintiff" or "FEW"), by and through its undersigned counsel, for its Complaint against defendant Gray Skies Distillery, LLC (hereinafter "Defendant" or "Gray Skies") alleges as follows:

## PARTIES

1. FEW is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business located at 918 Chicago Avenue, Evanston, IL 60202.

2. Gray Skies is, upon information and belief, a limited liability company organized and existing under the laws of the State of Michigan with its principal place of business located at 700 Ottawa Ave. NW, Grand Rapids, MI 49503.

## JURISDICTION AND VENUE

3. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq*., and Michigan statutory and common law.

4. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 15 U.S.C. §1391(b) and (c) in that Defendant resides in this District, and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## FACTS

### Nature of the Case

6. Plaintiff brings this action in response to Defendant's infringement of, and to protect the goodwill and consumer recognition in, the trademark BREAKFAST GIN. FEW established its BREAKFAST GIN trademark in connection with a uniquely handcrafted spirit enjoyed by consumers well before the acts of Defendant alleged herein. As described more fully below, without Plaintiff's authorization or consent, and with constructive and actual knowledge

of FEW's prior rights in the trademark BREAKFAST GIN, Defendant began use of the BREAKFAST RYE trademark in connection with the impending launch, distribution, offer to sell and/or sale of distilled spirits. Defendant, therefore, has created circumstances whereby members of the public and trade are likely to be led to believe incorrectly that Defendant and its products are somehow authorized by, sponsored by or affiliated with Plaintiff and its well-known BREAKFAST GIN mark.

**Plaintiff and Its Well-Known BREAKFAST GIN Trademark**

7. With its beginnings in 2011, FEW quickly became an industry-leading producer of craft spirits sold throughout the United States. FEW's uniquely hand-crafted spirits consist of gin and whiskey, and represent a new take on timeless distilling techniques, transcending the oft-ordinary taste of other distilled spirits. Distilled from the very best grains, aged to perfection, and bottled under its own roof, FEW's spirits remain under its direct quality control until distribution.

8. Since prior to the actions of Defendant alleged herein, FEW adopted and has continuously used the BREAKFAST GIN mark in connection with the distillation, distribution and sale of spirits. Soon after its introduction, FEW's BREAKFAST GIN brand gin quickly became widely distributed throughout the United States.

9. Since its introduction into the market, FEW has devoted significant time, effort and resources to the marketing and promotion of its distilled spirits under and in connection with the BREAKFAST GIN mark. As a result of FEW's extensive use and promotion of the BREAKFAST GIN mark in connection with distilled spirits, the BREAKFAST GIN mark has become well-known and recognized by the public as identifying and distinguishing FEW and its

high-quality distilled spirits. This consumer goodwill and recognition in the BREAKFAST GIN mark constitutes one of FEW's most valuable assets.

10. To further protect its valuable BREAKFAST GIN brand, FEW has obtained a federal trademark registration for its BREAKFAST GIN mark (U.S. Reg. No. 4892966), which registration, notably, disclaims the term "gin". A copy of the registration certificate for from the United States Patent and Trademark Office's ("USPTO's") records for FEW's BREAKFAST GIN registration is attached hereto as Exhibit A.

**Defendant's Misappropriation and Infringement of**
**FEW's Well Known BREAKFAST GIN Trademark**

11. Upon information and belief, Gray Skies is on the verge of the impending launch, distribution and sale of spirits under the BREAKFAST RYE mark. On or about August 15, 2017 Gray Skies applied for, and obtained, two Certifications of Label Approval ("COLAs") from the Alcohol and Tobacco Tax and Trade Bureau ("TTB"). Copies of Gray Skies' COLAs are attached hereto as Exhibit B.

12. As part of its COLAs, Gray Skies listed BREAKFAST RYE as the fanciful name to be included on the labels, and attached as examples labels prominently displaying the BREAKFAST RYE mark for use in connection with its distilled spirits. *See* Exhibit B.

13. Upon information and belief, in furtherance of its impending launch, distribution and sale of distilled spirits under the BREAKFAST RYE mark, Gray Skies has purchased bottles with labels prominently displaying the BREAKFAST RYE mark, as depicted in Exhibit B. Upon further information and belief, Gray Skies has filled some or all of said bottles with distilled spirits, which stand ready for imminent launch, distribution and sale under the BREAKFAST RYE mark. A depiction of Gray Skies' distilled spirits bottles prominently displaying the BREAKFAST RYE mark appears immediately below:




14. Upon information and belief, Gray Skies is in the process of launching distribution and sale of distilled spirits under the BREAKFAST RYE mark, which is expected to be available to consumers in early December. A copy of Gray Skies' Facebook post with a photograph of bottles containing Gray Skies' BREAKFAST RYE distilled spirits and stating "Something new is coming" and "Should be available in early December", is attached hereto as Exhibit C.

15. Based on the foregoing, upon information and belief, Gray Skies has already begun to use the BREAKFAST RYE mark in commerce, or such use is imminent and impending.

16. On or about October 6, 2017, FEW's counsel sent Gray Skies a letter further notifying Gray Skies of FEW's prior rights in and federal registration of the BREAKFAST GIN trademark and requesting, *inter alia,* that Gray Skies take immediate and unconditional steps to cease any and all use of the BREAKFAST RYE trademark in connection with the sale, marketing, and distribution of distilled spirits.

17. On November 6, 2017, Gray Skies' counsel sent FEW's counsel a response to the October 6, 2017 letter, stating that "Gray Skies is in the process of launching distribution…" of Gray Skies' BREAKFAST RYE distilled spirits, and that FEW "should consider the matter closed".

## COUNT I

## FEDERAL TRADMEARK INFINGEMENT
## (15 U.S.C. § 1114(1)(a))

18. FEW repeats and re-alleges paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Pursuant to 15 U.S.C. § 1072, Defendant had constructive knowledge of FEW's ownership of and rights in its federally registered BREAKFAST GIN mark prior to Defendant's unauthorized use of the BREAKFAST RYE mark for distilled spirits.

20. On information and belief, Defendant also had actual knowledge of FEW's ownership of and rights in its federally registered BREAKFAST GIN mark prior to Defendant's unauthorized use of the BREAKFAST RYE mark for distilled spirits.

21. Defendant has thus deliberately and willfully used the BREAKFAST RYE mark to trade upon the widespread goodwill, reputation and selling power established by FEW under the BREAKFAST GIN mark and to pass its distilled spirits off as those of FEW.

22. FEW has not consented to, and has in fact objected to, Defendant's use of the BREAKFAST RYE mark in connection with the promotion and sale of Defendant's distilled spirits.

23. Defendant's unauthorized use of the BREAKFAST RYE mark in connection with distilled spirits is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff in violation of 15 U.S.C. § 1114.

24. The intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

25. As a result of Defendant's conduct, FEW has suffered substantial damage and irreparable harm constituting an injury for which FEW has no adequate remedy at law. FEW will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT II

## FEDERAL UNFAIR COMPETITION
**(15 U.S.C. § 1125(a))**

26. FEW repeats and re-alleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendant has deliberately and willfully used the BREAKFAST RYE mark to trade upon FEW's widespread and hard-earned goodwill in its BREAKFAST GIN mark and the reputation and selling power established by FEW in connection with FEW's BREAKFAST GIN distilled spirits, as well as to confuse consumers as to the origin and sponsorship of Defendant's distilled spirits.

28. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive FEW of the ability to control the consumer perception of distilled spirits marketed under the BREAKFAST GIN mark, placing the valuable reputation and goodwill of FEW in the hands of Defendant, over whom FEW has no control.

29. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship or approval of Defendant and its goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

30. As a result of Defendant's conduct, FEW has suffered substantial damage and irreparable harm constituting an injury for which FEW has no adequate remedy at law. FEW will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT III

## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT (M.C.L.A. § 445.903 *et seq.*)

31. FEW repeats and re-alleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendant's actions complained of herein constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of the Michigan Consumer Protection Act, M.C.L.A. § 445.903 *et seq.*, in that they cause a probability or likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of goods.

33. By and through its deceptive conduct Defendant also represents that Defendant and/or its goods have sponsorship or approval of, or affiliation, connection or association with, FEW and/or its goods, when in fact that is not the case.

34. Defendant has benefitted and will benefit unfairly from its actions, and FEW will suffer both monetary damages and irreparable harm as a result of Defendant's actions.

35. Because Defendant had notice of FEW's prior use of and rights in its BREAKFAST GIN mark before Defendant's first use of the BREAKFAST RYE mark, Defendant's acts have been and are willful.

36. As a result of Defendant's willful and malicious conduct, FEW is likely to suffer, and has in fact already suffered, irreparable harm for which it has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, FEW will continue to suffer irreparable harm.

## COUNT IV

## UNFAIR COMPETITION

37. FEW repeats and re-alleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Defendant's conduct constitutes unfair competition in that such conduct: (a) is likely to cause members of the public and trade, and actual or potential customers of FEW, to believe that Defendant and its goods are in some way sponsored by, affiliated with or otherwise connected to FEW and its goods, when in fact they are not; and (b) enables Defendant to trade on and deprive FEW of the benefit of the goodwill in its BREAKFAST GIN mark.

39. Defendant's acts described above constitute unfair competition in violation of common law, as the acts amount to an intentional misappropriation of FEW's BREAKFAST GIN mark, as well as FEW's reputation and commercial advantage. As a result of its wrongful actions, Defendant will be unjustly enriched.

40. As a result of Defendant's conduct, FEW has suffered substantial damage and irreparable harm constituting an injury for which FEW has no adequate remedy at law. FEW will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and against Defendant, granting the following relief:

A. Preliminarily and permanently enjoining and restraining Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, members, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees,

receivers, agents and any other persons or entities acting on behalf of Defendant or with Defendant's authority from:

1) using, selling, offering for sale, holding for sale, advertising or promoting any goods under or in connection with any trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the terms BREAKFAST RYE or any other term confusingly similar to FEW's BREAKFAST GIN mark; or

2) doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with FEW's business, or that is likely to injure or damage FEW's BREAKFAST GIN mark or business; and

B. Ordering Defendant to recall from the channels of trade all products, packaging, advertising and promotional materials sold or distributed by Defendant or its affiliates that bear the terms BREAKFAST RYE or any other term confusingly similar to FEW's BREAKFAST GIN mark;

C. Ordering Defendant to reimburse FEW for all damages it has suffered by reason of such acts, account for and pay over to FEW all profits derived by reason of its acts of infringement, deceptive trade practices and unfair competition, and remit to FEW exemplary, treble, damages as provide for in 15 U.S.C. § 1117 and at common law;

D. Finding that this case constitutes an exceptional case and awarding FEW its reasonable attorneys' fees and disbursements, as well as the costs FEW has incurred in bringing this action, pursuant to 15 U.S.C. § 1117 and M.C.L.A. § 445.903 *et seq*;

E. Ordering the Defendant to deliver up and destroy all labels, bottles, signs, prints, packages, wrappers, receptacles and advertisements in its possession bearing the BREAKFAST RYE mark and all plates and other means of making the same, pursuant to 15 U.S.C. § 1118;

F. Ordering Defendant to immediately surrender the COLAs identified in Exhibit B; and

G. Ordering that Plaintiffs be awarded such other and further relief as this Court may deem equitable.

**DEMAND FOR TRIAL BY JURY**

Plaintiff, FEW SPIRITS, LLC, hereby demands a trial by jury in the above matter.

Dated: November 21, 2017

Respectfully submitted,

RHOADES McKEE PC
Co-Counsel for FEW SPIRITS, LLC

By: /s/ Bruce A. Courtade
Bruce A. Courtade (P41946)
55 Campau Ave. NW, Suite 300
Grand Rapids, MI 49503
Telephone: (616) 235-3500
bcourtade@rhoadesmckee.com

Nicholas G. de la Torre (IARDC# 6269612)
Co-Counsel for FEW SPIRITS, LLC
NEAL & MCDEVITT, LLC
1776 Ash Street
Northfield, Illinois 60093
Telephone:(847) 441-9100
Facsimile: (847) 441-0911
ndelatorre@nealmcdevitt.com