**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| FEW SPIRITS, LLC<br><br>Plaintiff,<br><br>v.<br><br>GRAY SKIES DISTILLERY, LLC<br><br>Defendants. | Case No. 1:17-cv-01031<br><br>Hon. Paul L. Maloney |

# JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for February 8, 2018 at 11:00 AM before Hon. Paul L. Maloney. Appearing for the parties as counsel will be:

Nicholas G. de la Torre, Esq. for Plaintiff FEW Spirits, LLC ("FEW"); and

G. Thomas Williams of McGarry Bair PC for Defendant Gray Skies Distillery, LLC ("Gray Skies").

1. Jurisdiction: The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. The Court has federal supplemental jurisdiction under 28 U.S.C. § 1367 because the pendent state claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. The parties do not object to the Court exercising jurisdiction over this action.

2. Jury or non-Jury: This case is to be tried before a jury.

3. Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. Statement of the Case: **Plaintiff's Statement**. FEW brought this action in response to Gray Skies' alleged infringement of the trademarks BREAKFAST GIN and BREAKFAST, which are used in connection with FEW's uniquely handcrafted line of distilled spirits. FEW initially established its BREAKFAST GIN trademark in connection with its gin, which it distills in addition to whiskey. To further protect its valuable BREAKFAST GIN brand, FEW has obtained a federal trademark registration for BREAKFAST GIN for use in connection with gin (U.S. Reg. No. 4892966), which registration, notably, disclaims the term "gin" apart from the mark as a whole. FEW markets and sells its products throughout the United States, including in Michigan. Gray Skies uses the trademark BREAKFAST RYE in connection with the marketing, distribution and sale of a rye whiskey product. FEW alleges that Gray Skies has created circumstances whereby members of the public and trade are likely to be led to believe incorrectly that Gray Skies and its products are somehow authorized or sponsored by, or affiliated with FEW and FEW's BREAKFAST GIN and BREAKFAST marks. FEW rejects the notion put forth by Gray Skies that BREAKFAST is merely descriptive as used in connection with distilled spirits.

FEW's Complaint states four causes of action: (i) federal trademark infringement under 15 U.S.C. § 1114(1)(a); (ii) federal unfair competition under 15 U.S.C. § 1125(a); (iii) violation of the Michigan Consumer Protection Act under M.C.L.A. § 445.903; and (iv) common law unfair competition.

**Defendant's Statement**. In response to FEW's Complaint, Gray Skies denies that it has violated FEW's rights, and has asserted affirmative defenses. Gray Skies rejects the notion that consumers will be confused by FEW's BREAKFAST GIN product and Gray Skies' BREAKFAST RYE product. By way of summary of Gray Skies' position, Gray Skies and FEW are each small, craft distilleries located in different states and there is little possibility that their respective markets overlap in any meaningful way to cause confusion in consumers. In particular, Gray Skies asserts that there is no possibility of a likelihood of confusion because the marks are substantially different as they are used in the marketplace. Further, the use of BREAKFAST as a mark in connection with an alcoholic beverage has become widespread so that the formative BREAKFAST is merely descriptive and cannot indicate FEW as a source of any product with BREAKFAST in the name. One need look no further than local Grand Rapids brewery Founders for an example of BREAKFAST used to describe an alcoholic beverage (in its BREAKFAST STOUT beer). Gray Skies claims that it has not competed unfairly in any way and FEW will not be able to make its proofs under its state law claims under the MCPA and common law unfair competition.

5. Prospects of Settlement: The status of settlement negotiations is that the parties have engaged in settlement discussions both directly and through counsel. Some progress has been made toward settlement, and the parties continue discussions through their respective counsel. The parties believe that an early settlement conference, may increase the prospects of settlement. Plaintiff is unable to calculate damages at this time, but notes that it is entitled to recover actual damages as well as profits derived by reason of Gray Skies' infringing acts.

6. Pendent State Claims: This case does include pendent state claims. FEW has asserted state claims under the Michigan Consumer Protection Act, and the common law of unfair competition. The parties do not object to the Court exercising supplemental jurisdiction over the pendent state-law claims.

7. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **April 27, 2018**.

8. Disclosures and Exchanges:

a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

The parties agree that initial disclosures under Fed. R. Civ. P. 26(a)(1) should be required in this case and shall be made by the parties by **March 2, 2018**.

b) Any party bearing the burden of proof shall disclose the name(s) of its expert witness(es) by October 1, 2018. The other party shall disclose any rebuttal expert witness(es) by November 1, 2018.

c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

Expert reports, and other information required by Fed. R. Civ. P. 26(a)(2), on the subject matter for which the party bears the burden of proof shall be due by **October 1, 2018**.

Expert rebuttal reports, and other information required by Fed. R. Civ. P. 26(a)(2), shall be due by **November 1, 2018**.

Expert reply reports shall be due by **November 21, 2018**.

d) The parties are unable to agree on voluntary production at this time.

9. Discovery: The parties believe that all fact discovery can be completed by **August 31, 2018**, and that all expert discovery proceedings can be completed by **December 15, 2018**. In addition to the dates set forth above, the parties recommend the following discovery plan:

(i) The parties believe that fact discovery on all topics shall proceed simultaneously in this case, except that fact discovery shall conclude prior to the close of all discovery.

The parties agree that discovery is needed on all issues set forth in the Complaint and Answer and any other relevant matters, including all claims, damages and affirmative defenses.

(ii) The parties agree that depositions, excluding experts, shall be limited to 10 party depositions and 5 third-party depositions per side, each of no more than 7 hours duration, unless otherwise agreed or permitted by the Court.

(iii) The parties agree to the presumptive limitation that interrogatories shall be limited to 25 per side, unless otherwise agreed or permitted by the Court.

(iv) The parties agree that there shall be no limit on the number of requests for admission that shall be served in this case.

(v) The parties agree that all interrogatories, requests for admission, and other written discovery shall be served no later than forty-five days before the close of fact discovery. All fact depositions shall be completed by the close of fact discovery, and all expert depositions shall be completed by the close of discovery.

10. Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information and it is expected that the parties will have some discoverable, electronically-stored information. The parties shall work together in good faith as to the production of such discovery and suggest that electronically-stored information be handled as follows: The parties shall produce imaged, searchable copies of responsive and non-privileged electronic and paper

documents electronically, Bates-stamped, at a resolution of at least 300 dots-per-inch (dpi), and using multi-page .PDF files (each file constituting a single, complete document). A party may produce Excel files, database files, and image files in native format and any party may request a native version of specified documents after reviewing the production.

11. Assertion of Claims of Privilege or Work-Product Immunity After Production:

If information produced in this action is subject to a claim of privilege or of protection as work product material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

12. Motions: The parties acknowledge that a pre−motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate in compliance with W.D. Mich. LCivR 7.1(d).

The following dispositive motions are contemplated by each party:

(i) FEW anticipates filing a motion for summary judgment.

(ii) Gray Skies anticipates filing a motion for summary judgment.

The parties anticipate that all dispositive motions will be filed by **January 31, 2019.**

13. Alternative Dispute Resolution: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. An initial round of written discovery is recommended in order to make Alternative Dispute Resolution most effective. The parties believe that during the course of this action, it may be appropriate to submit the case to Voluntarily Facilitative Mediation pursuant to L.Civ.R. 16.3. The parties recommend exchanging their initial disclosures and scheduling a Voluntary Facilitative Mediation session by **April 1, 2018**.

14. Length of Trial: Counsel estimates the trial will last approximately 6 days total, allocated as follows: 3 days for Plaintiff's case and 3 days for Defendant's case.

15. Electronic Document Filing System: The parties understand and are prepared to file and serve all documents electronically, by means of the Court's CM/ECF system.

16. Other: The parties are not at this time aware of any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

/s/ Bruce A. Courtade
Bruce A. Courtade (P41946)
RHOADES MCKEE PC
55 Campau Ave. NW, Suite 300
Grand Rapids, MI 49503
Telephone: (616) 235-3500
bcourtade@rhoadesmckee.com

/s/ G. Thomas Williams
G. Thomas Williams, Esq. (MI-P53734)
MCGARRY BAIR PC
45 Ottawa Ave. SW, Suite 700
Grand Rapids, Michigan 49503
Telephone: 616.742.3500
Facsimile: 616.742.1010

Nicholas G. de la Torre (IL#6269612)
NEAL & MCDEVITT, LLC
1776 Ash Street
Northfield, Illinois 60093
Telephone:(847) 441-9100
Facsimile: (847) 441-0911
ndelatorre@nealmcdevitt.com

*Counsel for Plaintiff*
*FEW Spirits, LLC.*

*Counsel for Defendant*
*Gray Skies Distillery, LLC*